IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEVELIN DION RAY LAY,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-1028-F |
| ) | |
| **JIMMY CLOCK et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff brought this action alleging staff at the Great Plains Correctional Center violated his civil rights. Doc. 1.[1] United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 5. The undersigned recommends the Court deny Plaintiff's requests to proceed in forma pauperis (IFP) and dismiss the complaint without prejudice unless Plaintiff pays the full filing fee.[2]

---

[1]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]  The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

## I.   Discussion.

The Court twice ordered Plaintiff to cure the deficiencies in his IFP application. Docs. 6, 8. Plaintiff had failed to utilize the proper form and did not provide the Court with a statement of his institutional accounts signed by an authorized prison official as required by 28 U.S.C. § 1915 and LCvR3.3(b). *See* Docs. 2, 6-8. The undersigned warned Plaintiff the action would be subject to dismissal unless he cured his IFP application. Doc. 6, at 2. Plaintiff responded to the Court's last order by submitting another IFP motion without the required certification or account statement. Doc. 9.

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). Plaintiff has failed to submit the required information for the Court to properly determine his IFP status. He has also failed to comply with this Court's orders and rules. So the undersigned recommends the Court deny Plaintiff's requests to proceed IFP and dismiss this action unless he pays the filing fee in full within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e) ("In the event the application is denied, the filing party shall have 21 days, unless a different time is specified by the court, within which to pay the required filing fees."); *see also* Fed. R. Civ. P. 41(b)

2

(instructing that a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order").

## II. Recommendation and notice of right to object.

Plaintiff has not demonstrated he is entitled to proceed IFP. So the undersigned recommends the Court deny his IFP applications. Docs. 2, 7, 9. The undersigned further recommends the Court dismiss this action without prejudice unless Plaintiff pays the full filing fee to the Clerk of Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 9, 2024, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of November, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE